IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 10 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00314-BNB

URSULA LAURINA BROWN,

Plaintiff,

v.

R. N. DEBEROAH,
DENVER WOMEN'S CORRECTIONAL FACILITY, and
COLORADO DEPARTMENT OF CORRECTION [sic],

Defendants.

---

ORDER DIRECTING PLAINTIFF
TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Ursula Laurina Brown is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Denver Women's Correctional Facility. Ms. Brown has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993). She asks for money damages and injunctive relief.

The Court must construe the complaint liberally because Ms. Brown is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Brown will be ordered to file an amended complaint.

The Court has reviewed the complaint filed in this action and finds that it is deficient. Ms. Brown may not sue the DOC or the Denver Women's Correctional Facility for money damages. The State of Colorado and its entities are protected by

Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, to the extent Ms. Brown seeks money damages, the DOC and the Denver Women's Correctional Facility are improper parties to this action.

In addition, despite the Court's best efforts to piece together Ms. Brown's allegations in her complaint and attachments to the complaint, the Court finds that Ms. Brown fails to allege sufficient facts in support of the claims she is asserting. Ms. Brown specifically alleges that on June 10, 2005, Defendant gave her the wrong prescription medication, i.e., the antidepressants Lithium Carbonate and Elavil, instead of the medications she allegedly does take, i.e., Naprosyn, Colac, and Prilosec. She fails to allege any facts indicating that Defendant intended to give her the wrong medication. Ms. Brown will be ordered to file an amended complaint in which she alleges sufficient facts to support her claims, including any facts indicating that she intentionally was given the wrong medication.

In addition, it is not clear whether Ms. Brown has exhausted her claims through

2

the DOC grievance system.  Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes.  **See Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Ms. Brown is a prisoner confined in a correctional facility.  The claims she asserts relate to prison conditions.  Therefore, she must exhaust the available administrative remedies.  Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner."  **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003).  To satisfy the burden of pleading exhaustion of administrative remedies, Ms. Brown must "either attach copies of administrative proceedings or describe their disposition with specificity."  *Id.* at 1211.  Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners.  **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004).  Therefore, if Ms. Brown has failed to exhaust administrative remedies for any one of her claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Ms. Brown and to all inmates, **see** DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to:  policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and

3

incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g. Although Ms. Brown attaches some of her grievances to the complaint, the grievances she attaches do not only concern the claims she raises here and do not demonstrate exhaustion of the claims she raises here. Moreover, her explanation of her efforts to exhaust, which she erroneously lists as her second claim instead of as the brief explanation requested in question two on page seven of the complaint, also fails to describe with specificity the disposition of the grievances pertinent to her asserted claims. Therefore, Ms. Brown will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Finally, Ms. Brown is advised that she must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Ms. Brown should review her claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Ms. Brown file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives

in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court shall mail to Ms. Brown, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Ms. Brown submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Ms. Brown fails to comply with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 10, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00314-BNB

Ursula Brown
Prisoner No. 118360
DWCF
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _3-10-06_

                                  GREGORY C. LANGHAM, CLERK

                                  By: _____
                                             Deputy Clerk